UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 4:22-CR-40122-RAL |
| Plaintiff, | |
| vs. | OPINION AND ORDER ON MOTIONS IN LIMINE AND OTHER PENDING MOTIONS |
| SHANE MOUSSEAUX, | |
| Defendant. | |

## I.   Background

A Superseding Indictment, Doc. 20, charges the defendant, Shane Mousseaux, with three counts on sexual abuse of a minor and two counts of abusive sexual contact.  Defendant has pleaded not guilty to these charges, and the parties are proceeding to trial.  There are various motions pending in the case, and this Court held a pretrial conference and motion hearing on April 8, 2024, to hear argument from both parties on the motions.  The pending motions included Defendant's motion to continue trial, Doc. 49; the United States' motion to allow use of an FBI courthouse facility dog, Doc. 40; the United States' motions in limine, Doc. 54; and Defendant's motions in limine, Doc. 57.  This Court ruled from the bench on the motions and now formalizes its rulings with this Opinion and Order.

## II.   Defendant's Motion to Continue

On April 3, 2024, Defendant moved to continue the trial set to begin April 16, 2024, arguing late discovery and the need for an expert witness if this Court were to allow hearsay testimony from or playing of the forensic interviews of the teenage alleged victims under the residual hearsay exception, of which the United States gave notice.  Doc. 49.  The United States

resists the motion to continue the trial. Doc. 51. This Court expects the teenage alleged victims to testify at trial and doubts that it will allow any substantive part of their forensic interview into evidence, which undercuts Defendant's main justification for an expert and a continuance. The forensic interviewers may testify about how and when the interviews occurred, but the alleged victims' statements during those interviews cannot replace their actual testimony at trial. Defendant may elicit from the interviewers statements made during those interviews which impeach the alleged victims. Whether doing so opens the door to re-direct on some consistent statements to contextualize the inconsistencies is a matter for ruling at trial.

"District courts are afforded broad discretion when ruling on requests for continuances. Further, a district court's discretion is at its zenith when the issue of a continuance is raised close to the trial date." United States v. Chahia, 544 F.3d 890, 896 (8th Cir. 2008) (cleaned up and citations omitted). For the reasons discussed on the record, this Court denies the Defendant's Motion for Continuance, Doc. 49.

### III.    Motion to Allow Use of an FBI Courthouse Facility Dog During Trial

The United States moved to allow use of an FBI courthouse facility dog in the courtroom during the testimony of the alleged victims, each of whom are minors, as well as in the witness room in the courthouse before and after the testimony of the alleged victims. Doc. 40. The Defendant does not object to use of the courthouse facility dog in the courthouse and in the witness room, and the Court grants the motion to that extent. However, the Defendant does object to use of the dog in the courtroom during the testimony of the alleged victims. This Court wants to see whether the alleged victims can testify without the dog in the courtroom, but may reconsider if the victims have trouble testifying without the dog being present.

### IV.    Motions in Limine

Rulings on motions in limine are, by their nature, preliminary. United States v. Spotted Horse, 916 F.3d 686, 693 (8th Cir. 2019). They "developed pursuant to the district court's inherent authority to manage the course of trials," Luce v. United States, 469 U.S. 38, 41 n.4 (1984), and are "specifically designed to streamline the presentation of evidence and avoid unnecessary mistrials," Spotted Horse, 916 F.3d at 693. This practice helps safeguard the jury from hearing evidence so prejudicial that its mention could not be remedied through a corrective instruction. Motion in limine, Black's Law Dictionary (11th ed. 2019). Rulings on motions in limine necessarily occur before the nature and relevance of the evidence can be placed in full context. See Spotted Horse, 916 F.3d at 693. Therefore, a district court has broad discretion when ruling on motions in limine and retains the authority to revisit and change its rulings based on how the case unfolds. Luce, 469 U.S. at 41–42. If this Court grants a motion in limine to exclude certain information, that information must not be mentioned during voir dire, opening statements, questioning or answering by witnesses, or closing arguments, unless counsel outside the hearing of the jury obtain from this Court a contrary ruling.

**A. United States' Motion in Limine**

The United States' Motion in Limine has twelve subparts and seeks to (1) to exclude references to penalty and punishment; (2) to exclude opining on the guilt or innocence of the Defendant; (3) to exclude reference to matters required to be raised by pretrial motion under Fed. R. Crim. P. 12(b)(3); (4) to exclude reference to the government's charging decisions in this matter; (5) to exclude evidence or argument relating to the jury's power of nullification; (6) to exclude hearsay statements of the Defendant offered by the Defendant; (7) to permit Federal Bureau of Investigation Special Agent Patrick Bumann to sit at counsel's table during trial; (8) to permit the alleged victims to sit in the courtroom during trial; (9) to sequester witnesses, other than Special

Agent Bumann and the alleged victims; from the courtroom, (10) to exclude reference to or use of any alleged victim's mental health or medical treatment; (11) to exclude any evidence regarding any alleged victim's prior marijuana use; and (12) to exclude issues relating to the alleged victims' mother.

### 1. Reference to Penalty or Punishment

Under subpart one, the United States moves to preclude Defendant, his attorney, and any witness from referring to the possible penalty or punishment Defendant will face if convicted of the crimes charged and, in particular, any questioning related to Defendant's "future plans." The United States argues that permitting the jury to hear information about what penalty or punishment Defendant faces would be improper and would only confuse the jury. This Court agrees.

"It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." Shannon v. United States, 512 U.S. 573, 579 (1994) (cleaned up and citation omitted). The jury's role "is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged." Id. "[P]roviding jurors sentencing information invites them to ponder matters . . . not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." Id. (citation omitted). The collateral consequences stemming from a felony charge or conviction are irrelevant to Defendant's guilt and has no role in the jury's decision-making process; given that it has no function in the jury's task, any probative value it may have had is substantially outweighed by the risk of confusing the issues and misleading the jury. See id.; Fed. R. Evid. 403. The jury must be able to carry out its role uninfluenced by the consequence of its verdict. See Shannon, 512 U.S. at 578 (citation omitted); United States v. Fisher, 10 F.3d 115,

121 (3d Cir. 1993) ("[F]ederal criminal juries are almost never instructed concerning the consequences of verdicts.").

Accordingly, this Court grants the United States' motion in limine as to subpart one. There shall be no reference to or comment on the possible penalty or punishment Defendant could receive if convicted. This does not, however, preclude Defendant from referring to the charges as "serious" or "felony" offenses.

### 2. Opining on the Guilt or Innocence of the Defendant

Under subpart two, the United States requests an order barring Defendant, defense counsel, and any witness from expressing an opinion about the guilt or innocence of Defendant. Evidence expressing an opinion on a defendant's innocence or guilt "invades the province of the jury" and is inadmissible. See United States v. Thirion, 813 F.2d 146, 156 (8th Cir. 1987) (reasoning that a government witness's opinion that defendant was innocent "is not truly exculpatory evidence because it is inadmissible as it invades the province of the jury"); Wesson v. United States, 164 F.2d 50, 55 (8th Cir. 1947) ("And any such unnecessary opinion evidence in a criminal case that will inescapably be a plain expression of the witness' opinion of the defendant's guilt . . . should be scrupulously avoided."). Therefore, neither Defendant, defense counsel, nor any witness may opine on the guilt or innocence of Defendant. This, of course, does not preclude Defendant or defense counsel from arguing whether the evidence presented at trial does or does not establish guilt beyond a reasonable doubt, nor does it preclude Defendant from testifying or arguing that he is actually innocent of the offenses charged.

### 3. Reference to Matters Required to be Raised by Pretrial Motion

Next, the United States seeks to prohibit Defendant from referencing matters that should

have been brought before this Court by pretrial motion under Fed. R. Crim. P. 12(b)(3). In relevant

part, Rule 12(b)(3) provides that:

> The following defenses, objections, and requests must be raised by pretrial motion
> if the basis for the motion is then reasonably available and the motion can be
> determined without a trial on the merits:
>> **(A)** a defect in instituting the prosecution, including:
>>> **(i)** improper venue;
>>> **(ii)** preindictment delay;
>>> **(iii)** a violation of the constitutional right to a speedy trial;
>>> **(iv)** selective or vindictive prosecution; and
>>> **(v)** an error in the grand-jury proceeding or preliminary hearing;
>> **(B)** a defect in the indictment or information, including:
>>> **(i)** joining two or more offenses in the same count (duplicity);
>>> **(ii)** charging the same offense in more than one count (multiplicity);
>>> **(iii)** lack of specificity;
>>> **(iv)** improper joinder; and
>>> **(v)** failure to state an offense;
>> **(C)** suppression of evidence;
>> **(D)** severance of charges or defendants under Rule 14; and
>> **(E)** discovery under Rule 16.

Additionally, although not explicitly listed under Rule 12(b)(3), a defendant's argument that law

enforcement engaged in "outrageous government conduct"[1] is a question of law and therefore must

be "raised as a pre-trial motion to dismiss the indictment." United States v. Nguyen, 250 F.3d 643,

645–46 (8th Cir. 2001) (stating that the failure to file a pre-trial motion to dismiss the indictment

based on outrageous government conduct "waives the issue") (citing United States v. Henderson-

Durand, 985 F.2d 970, 973 n.4 (8th Cir. 1993)); see also United States v. Duncan, 896 F.2d 271,

---

[1] Outrageous governmental conduct refers to "conduct of law enforcement agents [that] is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." United States v. Russell, 411 U.S. 423, 431–32 (1973). The United States Court of Appeals for the Eighth Circuit has stated that "[t]he level of outrageousness needed to prove a due process violation is 'quite high,' and the government's conduct must 'shock the conscience of the court.'" United States v. Hunt, 171 F.3d 1192, 1195 (8th Cir. 1999) (quoting United States v. Pardue, 983 F.2d 835, 847 (8th Cir. 1993)).

274–75 (7th Cir. 1990) (agreeing "with the Second Circuit that an outrageous governmental conduct defense must be made the subject of a pre-trial motion" (citing United States v. Nunez-Rios, 622 F.2d 1093, 1098 (2nd Cir. 1980)).

Unless otherwise set by the court, the deadline to file motions under Rule 12(b)(3) is the start of trial. Fed. R. Crim. P. 12(c)(1), (c)(3) ("If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely."); see United States v. Trancheff, 633 F.3d 696, 697 (8th Cir. 2011). A party's failure "to [timely] file a pretrial motion by the deadline" constitutes a waiver of that issue. Trancheff, 633 F.3d at 697. Although a court has the discretion to excuse a waiver and review an untimely filed pretrial motion, id., the party seeking the court's review must show good cause, meaning they "must show both cause and prejudice." United States v. Mayer, 63 F.4th 680, 683 (8th Cir. 2023) (citation omitted). Thus, absent good cause shown, Defendant may not raise or argue a defense, objection, or request enumerated under Rule 12(b)(3) if not timely filed with this Court pretrial.

The Defendant does not object to this motion. Doc. 56. Accordingly, this Court grants the United States' motion in limine as to subpart three.

### 4. Reference to the Government's Charging Decisions in this Matter

The United States requests an order preventing Defendant, defense counsel, and any witness from making direct or indirect reference to the United States' charging decision in this matter as "irrelevant and overly prejudicial." The Defendant does not object. Doc. 56. Therefore, subpart four of the United States' motion in limine is granted.

### 5. Evidence or Argument Relating to Jury's Power of Nullification

Subpart five seeks to prevent Defendant, defense counsel, and any witness from making direct or indirect reference to jury nullification, including how long the case has been pending and

that it has been presented to the grand jury multiple times. The United States argues that such information is not relevant to Defendant's guilt. This Court agrees, and the Defendant does not object. This Court grants subpart five of the United States' motion in limine.

### 6. Hearsay Statements of the Defendant Offered by the Defendant

In subpart six, the United States seeks to prevent Defendant from admitting into evidence self-serving out-of-court statements that he may have made to police officers, friends, relatives, or anyone else. The United States argues that such self-serving statements are hearsay and inadmissible under Rule 801 of the Federal Rules of Evidence. Unless an exception otherwise applies, a defendant's out-of-court statements, if offered by the defendant to prove the truth of the matter asserted, are inadmissible as hearsay. Fed. R. Evid. 801(c)–(d); see United States v. Waters, 194 F.3d 926, 931 (8th Cir. 1999) (holding that defendant could not admit his own out-of-court statements to FBI agent because they were inadmissible hearsay); United States v. White Horse, 177 F. Supp. 2d 973, 977 (D.S.D. 2001) (reasoning that defendant's statements to a doctor were inadmissible hearsay because they were offered by the defendant and were not offered under the exception for statements made for the purpose of diagnosis or treatment).

Accordingly, any out-of-court statement made and offered by Defendant to prove the truth of the matter asserted will be inadmissible unless Defendant can show that the statement is admissible under an exception to the rule against hearsay. Defendant's out-of-court statements that are admissions against material interest are admissible, Fed. R. Evid. 801(d)(2), and Defendant may seek to introduce under the rule of completeness Defendant's other statements that accompanied the admissions against interest. Fed. R. Evid. 106 ("If a party introduces all or part of a statement, an adverse party may require introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may

do so over a hearsay objection."). But see United States v. Roberts, 86 F.4th 1183, 1188 (8th Cir. 2023) ("Rule 106 'does not empower a court to admit unrelated hearsay in the interest of fairness and completeness when that hearsay does not come within a defined hearsay exception.'" (quoting United States v. Ramos-Caraballo, 375 F.3d 797, 803 (8th Cir. 2004))).

### 7.  Sequestration of Witnesses, Special Agent Bumann, and Alleged Victims

Subparts seven, eight, and nine of the United States' Motion in Limine seek an order sequestering all witnesses, except for one investigator or case agent for both the United States and Defendant and for the alleged victims after the alleged victims have testified. "The purpose of sequestration is to prevent witnesses from tailoring their testimony to that of prior witnesses and aid in the detection of dishonesty." United States v. Engelmann, 701 F.3d 874, 877 (8th Cir. 2012) (citation omitted). "At a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615; see Engelmann, 701 F.3d at 877. Generally, a "district court is granted wide latitude in implementing sequestration orders." Engelmann, 701 F.3d at 877 (citation omitted). And "the decision whether to allow the government's agent to testify even though the agent sits at the counsel table throughout the trial is left to the trial court's discretion." Id. (cleaned up and citation omitted).

Further, a crime victim has "[t]he right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding." 18 U.S.C. § 3771(a)(3); see also Fed. R. Crim. P. 60(a)(2). There is no risk the testimony by any alleged victim would be "materially altered" from having heard other testimony because the United States has only requested the alleged victims be permitted to sit in the courtroom during the proceedings after the alleged victim has already testified.

Defendant does not object to subparts seven, eight, or nine. Doc. 56. Therefore, this Court grants subparts seven, eight, and nine of the United States' Motion in Limine. All witnesses—whether for the United States or Defendant—will be sequestered, except for the case agent for the United States, FBI Special Agent Bumann; the alleged victims; and any witness who is released from subpoena by both parties.

### 8. Reference to or Use of Any Alleged Victim's Mental Health or Medical Treatment

Subpart ten seeks to prevent introduction of evidence or testimony regarding any alleged victim's mental health or medical records as "there are no indications in any of the pleadings or on the record that any of the victim's mental health or medical issues have any bearing on their ability to perceive or to tell the truth." The Defendant does not anticipate testimony related to these matters but objects to the extent that such testimony may become relevant in the course of the proceedings. Because rulings on motions in limine are necessarily preliminary, see Spotted Horse, 916 F.3d at 693, and the record does not currently suggest testimony on these matters will be relevant, subpart ten is granted at this time.

### 9. Evidence Regarding Alleged Victim's Prior Actions and Conduct

In subpart eleven, the United States moves to preclude the Defendant, defense counsel, and any witness from raising any victim's prior marijuana use as irrelevant or unfairly prejudicial under Rule 403. Defendant does not intend to elicit any testimony related to prior marijuana use and does not object to the motion. The Court grants subpart eleven.

### 10. Issues Relating to the Alleged Victims' Mother

The United States seeks to exclude "evidence related to issues involving the victims' mother, including her discipline of her children and allegations that she emotionally abuse[d] them," in subpart 12 of its motion in limine. The defense objects, considering the Child's Voice

interviews from November 2021 to be "of great significance." The Child's Voice interviews stemmed from reported abuse in the home, but evidently did not touch upon allegations of sexual abuse and precede some of the alleged sexual abuse. The children's mother is not on trial of course, though the fact that the children's home included their mother who was in a relationship with Defendant is relevant. This Court grants the motion in part, deferring ruling on the possible admission of limited evidence on why there were November 2021 forensic interviews or the involvement of Yankton Sioux Tribe social workers in the children's lives.

**B. Defendant's Motion in Limine**

Defendant's Motion in Limine, Doc. 57, and the memorandum in support of the motion, Doc. 58, contain four subparts which seek to prevent the introduction of (1) allegations the Defendant physically or verbally abused his sons, (2) testimony regarding the Defendant's use of marijuana or alcohol, (3) photos or testimony regarding condoms or "Extenze" pills, and (4) testimony regarding the discovery or contents of a handwritten note.

**1. Allegations that Defendant Physically or Verbally Abused his Sons**

Defendant moves to exclude any allegations regarding physical or verbal abuse toward his sons as irrelevant, unfairly prejudicial, and as improper character evidence. See Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); Fed. R. Evid. 403 (allowing exclusion of relevant evidence where "its probative value is substantially outweighed by a danger of . . . unfair prejudice"); Fed. R. Evid. 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."). This Court agrees and grants subpart one of Defendant's motion in limine, although if Defendant seeks to introduce the involvement of Yankton Sioux Tribe social workers in the

children's lives, this could open the door to allow the United States to explain that allegations of abuse in the children's home extended beyond the conduct of the children's mother.

### 2. Testimony Regarding Defendant's Use of Marijuana or Alcohol

Defendant moves to prevent the United States from introducing evidence or testimony regarding Defendant's prior marijuana or alcohol use as irrelevant, unfairly prejudicial, and improper character evidence. See Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); Fed. R. Evid. 403 (allowing exclusion of relevant evidence where "its probative value is substantially outweighed by a danger of . . . unfair prejudice"); Fed. R. Evid. 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."). Because the record does not suggest the Defendant acted under the influence of marijuana or alcohol at the time of the alleged conduct giving rise to the charges, this Court agrees and grants subpart two of Defendant's motion in limine.

### 3. Photos or Testimony Regarding Condoms or Extenze Pills

Defendant moves to preclude the United States from introducing (1) any evidence or testimony related to Extenze pills found in the home and (2) any evidence, photos, or testimony from the victims' mother regarding condoms she found in her laundry room. The motion does not attempt to exclude any testimony from any alleged victim regarding Defendant's alleged use of condoms during the charged offenses. The United States objects in part, arguing that the victim's mother should be allowed to testify regarding the significance of finding condoms in the laundry room as she did, though the United States could not explain the significance of her doing so during the pretrial conference. This Court grants subpart three of the Defendant's motion in limine at this time, but nothing in this order precludes the alleged victim from testifying about the Defendant

allegedly using condoms during the charged offenses. If the mother's finding of the condoms in the laundry room is relevant, this Court will reconsider this ruling.

### 4. Testimony Regarding a Handwritten Note

Subpart four of Defendant's motion in limine seeks to preclude introduction of a note from one of the alleged victims as hearsay. The United States does not anticipate introducing the note. Therefore, this Court grants subpart four of the Defendant's motion in limine.

### V.   Subpoena Duces Tecum

Yesterday prior to the pretrial conference and motion hearing, Defendant filed a Motion for Subpoena Duces Tecum to the Yankton Sioux Tribe Child Welfare Director for records of social worker visits to the home. Doc. 66. The FBI has sought such records at Defendant's request without receiving them. Doc. 66 at 3. During the pretrial conference, this Court and the parties discussed this subpoena duces tecum. This Court yesterday granted the motion in part, Doc. 67, and had the Clerk of Court issue a Subpoena Duces Tecum, Doc. 68, for the records to be produced for in camera review by this Court, Doc. 69. After the subpoena duces tecum is served, this Court will conduct an in camera review of the materials received to see whether any of their content is discoverable. Neither party expected the records to show disclosure of sexual abuse by Defendant, but Defendant may want to use the records to argue that one or both of the alleged victims forewent opportunities to disclose sexual abuse to social workers.

DATED this 9th day of April, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE